IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED )<br>TRADES INDUSTRY PENSION FUND )<br>1750 New York Avenue, N.W. )<br>Washington, DC 20006-5387 )<br>)<br>                          Plaintiff )<br>   v. )<br>)<br>GREENSHIRE PAINTING, INC. )<br>   a/k/a Greenshire Painting Co., Inc. )<br>9 Greenshire Way )<br>Walden, NY   12586 )<br>)<br>   and )<br>)<br>DELORES DRAGOTTA )<br>9 Greenshire Way )<br>Walden, NY 12586 )<br>)<br>                        Defendants ) | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendants as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132 and 1145.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

### VENUE

1. Venue lies in the District of Columbia under 29 U.S.C. §§185(a) or 1132(e)(2).

156472-1

## PARTIES

2.  Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). The Fund maintains its principal place of business and is administered from an office located at the address in the caption of this Complaint.

3.  Defendant, Greenshire Painting, Inc. ("Greenshire"), is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

4.  Defendant, Delores Dragotta ("Individual Defendant" and together with Greenshire, "Defendants"), is an individual and the owner, officer, agent or managing agent of Defendants with a business or residential address as listed in the caption.

## COMMON FACTS

5.  At all times relevant to this action, Greenshire was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union").

6.  Greenshire also signed or agreed to abide by the terms of the agreement and declaration of trust of the Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and

peaceful labor relations and the Pension Fund's rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan"). A true and correct copy of the Trust Agreement is attached as Exhibit 1 and incorporated by reference. A true and correct copy of §§10.07, 10.11, 10.12 of the Plan is attached as Exhibit 2 and incorporated by reference.

7. Under the Labor Contracts, Trust Agreement and Plan, Greenshire agreed:

(a) To make full and timely payment on a monthly basis to the Fund, as required by the Labor Contracts, Trust Agreement and Plan. Ex. 1, pp.15-16 (Art.VI, §2); Ex. 2, §10.07.

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p.16 (Art.VI, §§3,5).

(c) To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of Greenshire's records concerning its obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Plan. Ex. 1, pp.16-17 (Art.VI, §6).

(d) To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of the Defendants' failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, p. 16-17 (Art.VI, §§4,6); Ex. 2, §§10.07, 10.12.

8. Greenshire also agreed to make full and timely payments on a monthly basis to the Political Action Together – Legislative and Educational Committee ("PATLEC"), Political Action Together – Political Committee ("PATPC"), International Union of Painters and Allied

Trades Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (the LMCI, PATLEC, PATPC and Apprenticeship Fund are jointly referred to as "Ancillary Funds") as required by the Labor Contracts and Trust Agreements of the Ancillary Funds.

9. The Pension Fund is the authorized collection agent for the Ancillary Funds. The Pension Fund and Ancillary Funds are, hereinafter, jointly referred to as "Funds".

10. On Feb. 22, 2005, Greenshire and Individual Defendant executed an Installment Promissory Note ("Note") in favor of the Funds. In addition, Individual Defendant executed a Personal Guarantee obligating her personally to all obligations of Greenshire in the event of a default by Greenshire on the Note. True and Correct copies of the Note and Personal Guarantee are attached as Exhibits 3 and 4.

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PENSION FUND

### v.

### DEFENDANTS

11. The allegations of Paragraphs 1 through 10 are incorporated by reference as if fully restated.

12. On information and belief, Defendants have failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements and Plan from July 2004 to the present in at least the sum of $140,597.06 based upon information presently available to the Funds.

13. Despite request(s) for payment, Defendants have not paid the Funds as required by the Labor Contracts, Trust Agreements, the Plan, Note, Personal Guarantee, and applicable

law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)     Enter judgment against Defendants, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $140,579.06 plus any additional amounts revealed by an audit of the Defendants' records or which may become due during the pendency of this lawsuit together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements and Plan.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### PENSION FUND

### v.

### DEFENDANTS

14.     The allegations of Paragraph 1 through 13 are incorporated by reference as if fully restated.

15.     On information and belief, Defendants have failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements, Plan, Note and Personal Guarantee from April 2004 to the present in at least the sum of $140,579.06 based upon information presently available to the Funds in violation of 29 U.S.C. §1145.

16. Defendants have failed to make the payments despite the Funds' repeated requests for payment.

17. The Funds have been damaged by the Defendants' violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Enter judgment against Defendants, jointly and severally in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the amount of $140,579.06 plus any additional amounts revealed by an audit of the Defendants' records or which may become due during the pendency of this lawsuit together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### PENSION FUND

### v.

### DEFENDANTS

18. The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19. The amount of contributions the Defendants are required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

20. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendants' delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Defendants.

21. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

22. No audit of Greenshire's books and records has been performed.

23. Defendants are required by the Labor Contracts, Trust Agreements and applicable law to permit the Funds to audit Greenshire's records, to cooperate in determining the contributions due the Funds and to pay the cost of the audit if found to be delinquent.

24. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach requires an audit.

25. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Enjoin the Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Defendants and, in the absence of records, to cooperate in

alternative methods for the determination of work for which contributions are due.

(2) Order the Defendants to pay for an audit by a Certified Public Accountant chosen by the Pension Fund.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PENSION FUND

### v.

### DEFENDANTS

26. The allegations of Paragraphs 1 through 25 are incorporated by reference as if fully restated.

27. On information and belief, Defendants have failed to make contributions to the Funds as required by its Labor Contracts, the Trust Agreements and Plan in a period not barred by any applicable statute of limitations or similar bar.

28. On information and belief, the Funds have been damaged by the failure of Defendants to make contributions as required by the Labor Contracts, the Trust Agreements, Plan, Note, Personal Guarantee, and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) After an audit, enter judgment against Defendants, jointly and severally, and in favor of the Fund, for itself and on behalf of the Ancillary Funds, for the amount of contributions found due and owing by an audit together with late charges, liquidated damages, interest and

costs, including the cost of the audit, and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan and applicable law.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PENSION FUND

### v.

### DEFENDANTS

29.     The allegations of Paragraphs 1 through 28 are incorporated by reference as if fully restated.

30.     On information and belief, Defendants have failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

31.     The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendants' delinquency since the books, records and information necessary to determine this liability are in the possession, custody, control or knowledge of the Defendants.

32.     On information and belief, the Funds have been damaged by the Defendants' violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) After an audit, enter judgment against Defendants, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for the contributions found due and owing by the audit, together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

### PENSION FUND

### v.

### DEFENDANTS

33. The allegations of Paragraphs 1 through 32 are incorporated by reference as if fully restated.

34. A money judgment or other remedy available at law is inadequate because Defendants have shown their disregard of their contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

35. Unless ordered to do otherwise by this Court, Defendants will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will be irreparably damaged.

36.  All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)  Permanently restrain and enjoin Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Defendants and the Union (including its affiliated locals and district councils) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as the Defendants is contractually-required to do so.

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## **COUNT VII – ERISA BREACH OF FIDUCIARY DUTY**

**PENSION FUND**
**v.**

**INDIVIDUAL DEFENDANT**

37.  The allegations of Paragraphs 1 through 36 are incorporated by reference as if fully restated.

38.  The Labor Contract requires Greenshire to make full and timely payments on a monthly basis to the Pension Fund for the benefit of employees covered by the Labor Contract.

39.  As the principal officer and managing agent of Greenshire, Individual Defendant was and is responsible for collection of monies payable to the Pension Fund resulting from labor

performed by Greenshire's employees covered under the Labor Contract.

40. As the principal officer and managing agent of Greenshire, Individual Defendant was and is responsible for submitting monthly remittance reports to the Pension Fund setting forth the total amount of fringe benefit contributions owed resulting from labor performed by their employees covered under the Labor Contract.

41. As the principal officer and managing agent of the Greenshire, Individual Defendant had and has the authority to make decisions as to what obligations and/or payments of Greenshire are/were to be paid to the Pension Fund, including the authority to make payments for his own personal benefit or to other creditors of Greenshire.

42. At such time as fringe benefit contributions became due and payable by Greenshire to the Pension Fund such monies became assets of the Pension Fund under and pursuant to the terms of the Trust Agreements and Plan of the Pension Fund and applicable law.

43. At such time as fringe benefit contributions became due and payable by Greenshire to the Pension Fund, such monies became trust assets and Individual Defendant exercised authority or control with respect to their management or disposition.

44. Individual Defendant is a "fiduciary" under the Employee Retirement Income Security Act of 1974 ("ERISA").

45. On information and belief, Individual Defendant, through her position, caused and directed Greenshire to fail and refuse to forward to the Pension Fund the monies held in trust for payment to the Pension Fund pursuant to the Labor Contract, Trust Agreements and applicable law.

46. Individual Defendant breached his fiduciary duty to the Pension Fund by failing to

pay to the Pension Fund such contributions once they became due and payable and, therefore, is personally liable for all fringe benefit contributions, interest, liquidated damages and attorneys' fees and costs owed by Greenshire to the Pension Fund pursuant to the Labor Contract, Trust Agreements, Plan and applicable law.

47. This breach of fiduciary duty constitutes a violation of ERISA Section 502(a), actionable under ERISA Section 409(a), 29 U.S.C. §1132(a)(2); 29 U.S.C. §1109.

WHEREFORE, the ERISA Plaintiffs ask that the Court:

(1) Enter judgment against Individual Defendant and in favor of the Pension Fund for all fringe benefit contributions due the Pension Fund plus any additional amounts that become due during the pendency of this lawsuit or as a result of an audit of Greenshire's payroll books and related records together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Pension Fund or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____
SANFORD G. ROSENTHAL (Bar No. 47873)
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106
(215)351-0611
Attorneys for Plaintiff

DATE: 8/29/05

Of Counsel:
Jessica L. Tortella
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA  19106
215-351-0669